IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-01047-KLM

JOSEPH C. DURAN,

      Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,[1]

      Defendant.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court[2] on the **Social Security Administrative Record** [#10],[3] filed July 7, 2016, in support of Plaintiff's Complaint [#1] seeking review of the decision of Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, ("Defendant" or "Commissioner") denying Plaintiff's claim for disability insurance benefits pursuant to Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 et seq., and for supplemental security income benefits pursuant to Title XVI of the Act, 42 U.S.C. § 1381 et seq. On August 17, 2016, Plaintiff filed an Opening Brief [#14] (the

---

[1]   On January 23, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Nancy A. Berryhill is therefore "automatically substituted" as the properly-named Defendant in this action.

[2]   The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. *See* [#12, #18, #19].

[3]   "[#10]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

"Brief"). Defendant filed a Response [#15] in opposition. No Reply was filed. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c). The Court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the decision of the Commissioner is **AFFIRMED**.

## I. Background

Plaintiff alleges that he became disabled at the age of fifty-one on April 13, 2014. Tr. 8, 19.[4] On September 15, 2014, Plaintiff filed applications for disability insurance benefits under Title II and for supplemental security income under Title XVI. Tr. 8. On February 1, 2016, an Administrative Law Judge (the "ALJ") issued an unfavorable decision. Tr. 21.

The ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2016, and that Plaintiff had not engaged in substantial gainful activity ("SGA") since April 13, 2014, the alleged onset date. Tr. 10. The ALJ found that Plaintiff suffers from severe impairments: (1) "[s]tatus post right tibia and right humerus open reduction internal fixation" ("ORIF") and (2) left knee ORIF. Tr. 10. However, the ALJ also found that these impairments, individually or in combination, do not meet or medically equal "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." Tr. 14. The ALJ next concluded that Plaintiff has the residual functional capacity ("RFC")

---

[4] The Court refers to the Transcript of the Administrative Proceedings, located at Docket Nos. 11 through 11-26 by the sequential transcript numbers instead of the separate docket numbers.

to perform light work with the following limitations:

> [H]e can sit, stand, and walk six hours each during an eight-hour workday. He cannot climb ladders or scaffolds or work at unprotected heights or with dangerous unprotected machinery. He can frequently stoop, kneel, crouch, and crawl. The claimant is limited to simple, routine, and repetitive tasks with a maximum specific vocation preparation (SVP) level of 2.

Tr. 15. Based on the RFC and the testimony of an impartial vocational expert ("VE"), the ALJ found that Plaintiff could perform no past relevant work, but that he was able to perform the representative occupations of small parts assembler, construction flagger, and laundry worker. Tr. 19-20. She therefore found Plaintiff not disabled at step five of the sequential evaluation. Tr. 20-21. The ALJ's decision has become the final decision of the Commissioner for purposes of judicial review. 20 C.F.R. §§ 404.981, 416.1481.

## II.  Standard of Review and Applicable Law

Pursuant to the Act:

> [T]he Social Security Administration is authorized to pay disability insurance benefits and Supplemental Security Income to persons who have a "disability." A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."

*Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (quoting 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B)). Under the applicable legal standard, a claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a); *see also Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (quoting 20 C.F.R. § 416.905(a)). The existence of a qualifying disabling impairment must be demonstrated by "medically

acceptable clinical and laboratory diagnostic" findings. 42 U.S.C. §§ 423(d)(3), 423(d)(5)(A).

"When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)). However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months. *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Court reviews a final decision by the Commissioner by examining the administrative record and determining "whether the [ALJ's] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). However, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Harper v. Colvin*, 528 F. App'x 887, 890 (10th Cir. 2013) (quoting *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000)). In other words, the Court does not reexamine the issues de novo. *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F. 3d 739, 741 (10th Cir. 1993). Thus, even when some evidence could support contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court may have "made a different choice had the matter been before it *de novo.*" *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007).

A.    **Legal Standard**

The Social Security Administration uses a five-step framework to determine whether a claimant meets the necessary conditions to receive Social Security benefits. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four, and if the claimant fails at any of these steps, consideration of any subsequent step or steps is unnecessary. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) ("If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."). The Commissioner bears the burden of proof at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Step one requires the ALJ to determine whether a claimant is "presently engaged in substantial gainful activity." *Wall*, 561 F.3d at 1052 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). If not, the ALJ considers at step two whether a claimant has "a medically severe impairment or impairments." *Id.* "An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities." *Wall*, 561 F.3d at 1052 (citing 20 C.F.R. § 404.1521). Next, at step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation," *i.e.*, the "Listings." *Wall*, 561 F.3d at 1052 (quoting *Allen*, 357 F.3d at 1142). "If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work." *Wall*, 561 F.3d at 1052 (citing *Allen*, 357 F.3d at 1142). "Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient [RFC] to perform other work in the national economy." *Id.*

**B.     Substantial Evidence**

An ALJ must consider all evidence and explain why he or she finds a claimant not disabled. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). However, the ALJ need not specifically "reference everything in the administrative record." *Wilson*, 602 F.3d at 1148. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1140 (internal quotation marks omitted). "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). A decision by the ALJ is not based on substantial evidence "if it is overwhelmed by other evidence in the record . . . ." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In other words, the Court's determination of whether the ALJ has supported his or her ruling with substantial evidence "must be based upon the record taken as a whole." *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). Further, evidence is not substantial if it "constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III. Analysis

Plaintiff argues that the ALJ erred by failing to properly evaluate the opinions of the consultative examiner Aimee Henley, Ph.D. ("Henley") and the State agency reviewing psychologist Gayle Frommelt, Ph.D. ("Frommelt"). *Brief* [#14] at 4-5. The ALJ afforded "moderate weight" to the opinions of Dr. Henley and Dr. Frommelt, finding that they had "slightly overstated" Plaintiff's mental functional limitations. Tr. 14. He based this finding largely on "the lack of corroborating evidence in the general treatment notes." Tr. 14.

"An ALJ must evaluate every medical opinion in the record." *Hamlin v. Barnhart*, 365

F.3d 1208, 1215 (10th Cir. 2004). "If an ALJ intends to rely on a nontreating physician or examiner's opinion, [she] must explain the weight [she] is giving to it." *Id.* (citing 20 C.F.R. § 416.927(e)(2)(ii)). Here, neither Dr. Henley nor Dr. Frommelt was a treating physician. However, all medical opinions must be weighed as outlined in 20 C.F.R. § 416.927(c). This provision requires an ALJ to consider: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. 20 C.F.R. § 416.927(c). Notably, the ALJ need not discuss each individual factor. *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). Nevertheless, the ALJ must consider every factor in determining the weight to assign a medical opinion, and "give good reasons in the notice of determination or decision for the weight [she] ultimately assigns the opinion." *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (quotation marks, internal brackets, and citation omitted). Many of these factors do not play a significant role in this case because the two doctors at issue here each had limited interactions with Plaintiff. However, the ALJ properly considered consistency when she explained her reasons for not giving greater weight to the opinions of Dr. Hanley and Dr. Frommelt. *See Pisciotta v. Astrue*, 500 F.3d 1074, 1078 (10th Cir. 2007) ("In determining the weight to be given an opinion, the ALJ must consider the consistency between that opinion and the record as a whole.").

While the Court does not recount in full the ALJ's lengthy analysis of the objective

evidence, the medical opinions, and the hearing testimony on which the ALJ rested her opinion regarding Plaintiff's mental impairments, the Court does make the following observations. The ALJ noted that "the claimant did not described significant mental impairments at the hearing." Tr. 12 (discussing Plaintiff's testimony about his daily activities). The ALJ noted that Plaintiff "generally failed to identify mental health symptoms in the Function Reports he completed in December 2014 and May 2015." Tr. 12 (discussing Plaintiff's mild mental health issues). The ALJ discussed Dr. Henley's findings from her consultative examination of Plaintiff, and noted that Dr. Henley's diagnosis of a neurocognitive disorder due to a traumatic brain injury was only "provisional" and that there was generally a lack of supporting evidence for this diagnosis. Tr. 12-13. The ALJ further discussed Dr. Frommelt's opinion that Plaintiff "had a severe organic mental disorder and affective disorder," but noted that "the objective findings and the absence of formal cognitive testing undermines a diagnosis of organic mental disorder." Tr. 13. The ALJ ultimately found that Plaintiff has "mild limitations in concentration, persistence, or pace," that Plaintiff has "no limitations in activities of daily living or social functioning," and that Plaintiff "has experienced no episodes of decompensation of extended duration. Tr. 13-14.

Plaintiff argues that "[n]o other evidence in the record exists pertaining to claimant's mental status to contradict these professionals." *Brief* [#14] at 5. However, what Plaintiff actually appears to be arguing is that there is no other *medical opinion* in the record which contradicts Dr. Henley or Dr. Frommelt. Given the ALJ's thorough canvassing of the medical record and her substantiated opinion based on that record that Dr. Henley and Dr. Frommelt "slightly overstated" Plaintiff's mental functional limitations, the Court finds no reversible error in the ALJ's conclusion to afford these two medical opinions only "moderate

weight" rather than fully accepting the opinions wholesale.

Given the Court's conclusion that the ALJ committed no reversible legal error and supported her findings regarding Dr. Henley and Dr. Frommelt with substantial evidence, Plaintiff's arguments regarding error at steps two, three, and five of the analysis all fail because they are premised solely on whether the ALJ properly evaluated the opinions of those two physicians. However, the Court notes that, even had the ALJ fully credited the opinions of each physician, the outcome would not be different. *See Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1162-63 (10th Cir. 2012) (holding that an alleged error in evaluating a physician's opinion is harmless where giving greater weight to the physician's opinion would not have helped the claimant). Dr. Henley did not assess any functional *limitations* on Plaintiff, despite finding mild or mild-to-moderate impairments in several areas of cognitive functioning. *See* Tr. 546-47. Dr. Frommelt found that Plaintiff retained the "mental ability to do work not involving significant complexity or judgment" and that he could "do work requiring up to 3 months time to learn techniques, acquire information and develop facility needed for an average job performance." Tr. 81. Dr. Frommelt's finding corresponds to a specific vocational preparation ("SVP") level of 3, which means that the amount of time required for a typical claimant to learn techniques, acquire information, and develop the facility needed for average performance in a job is "[o]ver 1 month up to and including 3 months." POMS DI 25001.001A.77. The ALJ assessed Plaintiff at the more conservative maximum SVP of 2, which includes "[a]nything beyond short demonstration up to and including 1 month" of time to meet those requirements for average job performance. *Id.*

The Court may not reweigh the evidence or substitute its judgment for that of the

ALJ and the Commissioner. *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005); *White v. Barnhart*, 287 F.3d 903, 905, 908, 909 (10th Cir. 2001). However, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. *See Glenn v. Shalala*, 21 F.3d 983, 988 (10th Cir. 1994) (explaining that the Court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion). Here, the ALJ's conclusions are reasonable and consistent with the evidence, regardless of whether the Court may have come to a different conclusion had it been reviewing the evidence de novo.

### IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the decision of the Commissioner that Plaintiff is not disabled is **AFFIRMED**.

IT IS FURTHER **ORDERED** that the parties shall bear their own costs and attorney's fees.

Dated: September 27, 2017

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge